**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 18-3397

———————————

ANSOUMANE DIABATE,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent

———————————

On Petition for Review of a Decision of the
United States Department of Justice
Board of Immigration Appeals
(A200-764-922)
Immigration Judge: Margaret R. Reichenberg

———————————

Submitted Under Third Circuit L.A.R. 34.1(a)
on September 12, 2019

Before: HARDIMAN, GREENAWAY, JR., and BIBAS, *Circuit Judges.*

(Filed: October 9, 2019)

———————————

OPINION[*]

———————————

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

BIBAS, *Circuit Judge*.

Courts must enforce the law even when the results seem inequitable. Ansoumane Diabate fled violence, came to the United States, and overstayed his visa. Though an immigration judge ordered him removed, he was allowed to stay here under an Order of Supervision. For many years, he complied with that order, routinely checking in with immigration officers. He also got a job and married a disabled American citizen, caring and providing for her. Yet the government later detained him and now wants to remove him. He attacks his removal proceedings and seeks to reopen them.

But our hands are tied. Even though the Notice to Appear lacked the date and time of his removal proceedings, the immigration judge still had jurisdiction. And the Board of Immigration Appeals has almost unfettered discretion to reopen removal proceedings or not. It decided not to do so, and we lack jurisdiction to review that decision. So we must dismiss Diabate's petition for review.

## I. BACKGROUND

Diabate is a native and citizen of Guinea. After the military violently attacked him and his family because of their ethnicity and political opinions, he fled the country. Nearly two decades ago, he entered the United States lawfully on a nonimmigrant visa. But he overstayed the visa's one-year term.

Many years later, immigration officers detained Diabate. They served him with a Notice to Appear before an immigration judge in Newark, New Jersey "on a *date to be set* [and] at *a time to be set*." App. 276 (emphases added). Thirteen days later, the immigration judge

2

followed up and notified him that the hearing would happen the next morning at 8:30 a.m. He appeared at the hearing by video link and got a continuance, and then another one.

At the rescheduled hearing, Diabate conceded that he was removable. He applied for asylum, withholding of removal, and relief under the Convention Against Torture. The immigration judge denied all relief and ordered him removed. Diabate did not seek judicial review of this decision.

Rather than deporting him, immigration officers released Diabate from custody under an Order of Supervision. The Order required him to report to immigration officers periodically and to notify them before traveling beyond New York and New Jersey.

About two years later, he married an American citizen. He admirably cared for his disabled wife and provided for her. And his wife filed a visa petition to adjudicate their marriage as valid. Immigration officers approved this petition, letting him apply for permanent residency under 8 U.S.C. § 1151(b)(2)(A)(i). But the approval "d[id] not guarantee that [he] w[ould] subsequently be found to be eligible for a visa … or adjustment of status." App. 25.

For years, Diabate complied with the Order of Supervision. He dutifully reported to immigration officers. He found a job as a security guard and later as a truck driver. But one day, when he voluntarily checked in with immigration officers, they nabbed him to deport him. He filed a habeas petition, which remains pending, and has since been released. *Diabate v. Nielsen*, No. 18-cv-12502, at 3–4 (D.N.J. Aug. 27, 2018), ECF No. 5 (order granting a temporary restraining order, stay of removal, and immediate release from detention).

Separately, he moved to cancel or reopen his removal proceedings. He argued that the immigration judge had lacked jurisdiction to hear the removal proceedings under *Pereira v.*

*Sessions*, 138 S. Ct. 2105 (2018), because the Notice to Appear lacked the date and time of his hearing. And he asked the Board to reopen his case for new relief because he was married to a U.S. citizen and his wife would suffer hardship if he were to be removed.

The Board denied his motion and affirmed the finality of his removal order. It held that his motion was statutorily barred as untimely and that *Pereira* did not apply. It also held that his circumstances were not sufficiently "exceptional" to warrant reopening the case. App. 4.

Diabate timely appealed this decision. The Board had jurisdiction to review the immigration judge's removal order under 8 C.F.R. § 1003.1(b)(3). We have jurisdiction under 8 U.S.C. § 1252(a). We review the denial of a motion to reopen for abuse of discretion and will reverse if it is "arbitrary, irrational, or contrary to law." *Fadiga v. Att'y Gen.*, 488 F.3d 142, 153 (3d Cir. 2007) (internal quotation marks omitted). And we review the Board's legal conclusions de novo. *Roye v. Att'y Gen.*, 693 F.3d 333, 339 (3d Cir. 2012).

## II. THE IMMIGRATION JUDGE HAD JURISDICTION OVER DIABATE'S REMOVAL PROCEEDINGS

### A. The jurisdictional regulations do not require specifying a date and time

The filing of a Notice to Appear or other charging document begins proceedings before an immigration judge and vests jurisdiction. 8 C.F.R. §§ 1003.13, 1003.14(a). Diabate argues that jurisdiction never vested because his Notice was deficient: it lacked the date and time of his hearing.

But our recent decision forecloses this argument. *Nkomo v. Att'y Gen.*, 930 F.3d 129 (3d Cir. 2019). Joining seven sister circuits, we held in *Nkomo* that the omission of the date

and time from a Notice to Appear does not deprive an immigration judge of jurisdiction to decide removability. *Id.* at 133 (collecting cases). We did so by limiting *Pereira*'s date-and-time requirement to the elements of § 1229(a), the provision at issue there. *Id.* at 133–34.

## B. The jurisdictional regulations are valid

Diabate also attacks the jurisdiction-vesting regulations directly, arguing that they conflict with the statute, 8 U.S.C. § 1229(a)(1). This argument fails as well.

His argument is simple: The statute requires a "notice to appear" to specify "[t]he time and place at which the proceedings will be held." 8 U.S.C. § 1229(a)(1), (a)(1)(G)(i). But the jurisdictional regulations, as interpreted by the Board, do not require a Notice to Appear to specify the proceedings' date, time, or place. *Matter of Bermudez-Cota*, 27 I. & N. Dec. 441, 443–47 (BIA 2018) (interpreting 8 C.F.R. §§ 1003.14(a), 1003.15(b), and 1003.18(b)). So, he argues, the regulations conflict with the statute.

This argument might have held water if the basis of the jurisdictional regulations were § 1229(a)(1). But it is not. The authority to promulgate those regulations comes from 8 U.S.C. § 1103(g)(2).

And as we explained in *Nkomo*, the notice specified in § 1229(a)(1) is different from that in the jurisdictional regulations. 930 F.3d at 134. The notice required by the regulations is a jurisdiction-vesting "charging document." *Id.*; 8 C.F.R. §§ 1003.13, 1003.14(a). Nothing in the Immigration and Nationality Act requires a charging document to meet all of § 1229(a)(1)'s conditions. *See Santos-Santos v. Barr*, 917 F.3d 486, 490 n.4 (6th Cir. 2019). So even when it does not, a charging document can still "commence immigration

5

proceedings and vest jurisdiction with the [immigration judge]." *Id.* Thus, "[t]here is no 'glue' to bind § 1229(a) and the jurisdictional regulations." *Karingithi v. Whitaker*, 913 F.3d 1158, 1161 (9th Cir. 2019). The jurisdictional regulations do not conflict with the statute, so they are valid.

## C. Diabate failed to exhaust his argument that the Notice violated the jurisdictional regulations

In the alternative, Diabate argues that the Notice violated the jurisdictional regulations. In removal proceedings, the regulations require the Notice to specify the initial hearing's date, time, and place "where practicable." 8 C.F.R. § 1003.18(b). The omission of this information, he argues, violated his due process right to a fair hearing.

But Diabate did not exhaust this argument. Even reading his pleadings liberally, he never raised it below. And because neither the immigration judge nor the Board considered this argument, we have no jurisdiction to hear it. 8 U.S.C. § 1252(d)(1). So the notice was valid, and the immigration judge had jurisdiction.

## III. WE LACK JURISDICTION TO REVIEW THE BOARD'S DENIAL OF DIABATE'S MOTION TO REOPEN

Next, we must decide whether we have jurisdiction to review the Board's decision not to reopen Diabate's removal proceedings. We do not.

The Board has jurisdiction to adjudicate a motion to reopen proceedings under 8 C.F.R. § 1003.2(g)(2)(i). It "may at any time reopen or reconsider on its own motion any case in which it has rendered a decision." *Id.* § 1003.2(a). It exercises this discretion "sparingly" and only in "truly exceptional situations." *Matter of G-D-*, 22 I. & N. Dec. 1132, 1133–34

6

(BIA 1999). Even in exceptional situations, it need not choose to reopen. *Sang Goo Park v. Att'y Gen.*, 846 F.3d 645, 650 (3d Cir. 2017).

We have jurisdiction to review the Board's denial of a motion to reopen. But the Board's discretion to reopen is "functionally unreviewable." *Id.* at 651. We can review it in only two circumstances, neither of which is present here.

First, the Board did not rely on an "incorrect legal premise." *Id.* Diabate claims that it did so by ignoring his motion to reopen. Not so. The Board considered his arguments, citing regulations and its decisions. And it held that he failed to present "exceptional circumstances" to reopen the proceedings. App. 4.

Second, the Board did not constrain its discretion through a "settled course of adjudication." *Sang Goo Park*, 846 F.3d at 651–52. Diabate claims that the Board has adopted a settled rule requiring it to provide a "reasoned explanation" for why it is denying a motion to reopen. Pet'r Br. 21–22. He cites several unpublished opinions in which the Board did explain its denials. But they establish no such rule. Sometimes the Board has done so; at other times, it has not. *Compare Matter of Rosado*, 2018 WL 6618244, at *1 (BIA Oct. 17, 2018), *with Matter of Vasquez-Cruz*, 2018 WL 7572465, at *2 (BIA Nov. 28, 2018). So there is no settled rule requiring an explanation. We thus cannot review the Board's denial of his motion.

\* \* \* \* \*

We appreciate Diabate's plight. Though he overstayed his visa, he fled Guinea nearly two decades ago for fear of violence. Since then, he has made America his home, holding down an honest job and supporting and caring for his disabled wife.

But the law is squarely against him. Under our precedent, an immigration judge has jurisdiction over removal proceedings even if the notice to appear lacks the hearing's date and time. And this is not the rare case in which we can review the Board's denial of a motion to reopen. So we will dismiss his petition for review.